# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Spencer Utsey, ) | Civil Action No.: 8:19-cv-03218-JMC |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Warden of Kirkland ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Spencer Utsey, proceeding pro se,[1] filed the instant action against Respondent Warden of Kirkland Correctional Institution seeking a Petition for Writ of Habeas Corpus (the "Habeas Petition") pursuant to 28 U.S.C. § 2254 alleging that, *inter alia*, S.C. Code § 24-13-100 (West. 2020) is "an unconstitutional statute." (ECF No. 1 at 2.)

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to the United States Magistrate Judge for pretrial handling. On December 12, 2019, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court dismiss without prejudice Petitioner's instant Petition and without requiring Respondent to file a return. (*See* ECF No. 12 at 7.) Petitioner filed Objections to the Magistrate's Report and Recommendation which are presently before the court. (*See* ECF No. 14.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** Petitioner's instant Habeas Petition (ECF No. 1) without prejudice and without

---

[1] "Because he is a pro se litigant, Petitioner's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solic.'s Off.*, Civil Action No. 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Petitioner; the court is not required to recognize Petitioner's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

requiring Respondent to file a return.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate presently incarcerated at the Kirkland Correctional Institution in Columbia, South Carolina. *See SCDC Inmate Search*, https://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000192660 (last visited Oct. 5, 2020). On June 15, 1999, a state court jury found Petitioner guilty of armed robbery. (*See* ECF No. 1-3 at 1.) As a result, Petitioner was sentenced to thirty years in prison. (*See id.*) Following his conviction,[2]

> Petitioner filed a direct appeal on September 7, 2000. The South Carolina Court of Appeals affirmed the conviction on November 20, 2000. Petitioner filed a petition for a rehearing on December 5, 2000, which was denied on January 30, 2001. Petitioner [then] filed a petition for writ of certiorari to the South Carolina Supreme Court on April 2, 2001. The Supreme Court denied the petition on June 21, 2001[ ] and issued the remittitur the next day. Petitioner filed a pro se application for Post Conviction Relief ("PCR") on April 9, 2002. After an evidentiary hearing on January 9, 2003, the PCR court filed an order of dismissal on March 3, 2003. Petitioner did not appeal the dismissal. Petitioner filed three more PCR applications–on April 18, 2008, December 6, 2011, and November 19, 2012–each of which was denied as being untimely for having been filed past the statute of limitations.

*Utsey v. McCall*, Civil Action No. 8:13-cv-01433-JMC, 2014 WL 4825625, at *2 (D.S.C. Sept. 24, 2014) (internal citations omitted). Petitioner then filed a pro se Petition for Writ of Habeas Corpus in this court on May 23, 2013. (*See* ECF No. 12 at 5.) This court dismissed with prejudice the Petition on September 24, 2014. (*See id.*) On September 21, 2017, Petitioner filed a fifth PCR action in state court which remains pending at this time. *See Utsey v. South Carolina*, Civil Action No. 2017-cp-05-00184, available at https://publicindex.sccourts.org/ Bamberg/Publ

---

[2] The court takes judicial notice of the records filed in Petitioner's state court actions and prior habeas actions pursuant to 28 U.S.C. § 2254 and relevant civil rights actions filed in this court at case numbers 5:19-cv-02873-JMC and 8:13-cv-01433-JMC. *See Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting that courts "may [ ] take judicial notice of maters of public record); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citation and quotation marks omitted) (noting that the "most frequent use of judicial notice is in noticing the content of court records").

icIndex/PISearch.aspx (search by case number) (last visited Oct. 8, 2020). On October 10, 2019, Petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Judge Edgar W. Dickson related to a state court action. (*See* ECF No. 12 at 4 n.3.) This case remains pending. (*See id.*) The Magistrate Judge "recommend[s] summary dismissal of [the] action." (*Id.*)

On November 12, 2019, Petitioner filed a hand-written document captioned as "Notice of [I]ntent to Appeal and Motion for the [C]ourt." (ECF No. 1 at 1.)[3] As the Magistrate Judge correctly notes, Petitioner's filings are "difficult to decipher." (ECF No. 12 at 3.) Construing Petitioner's pleadings liberally, however, it appears Petitioner asserts the following grounds for relief. First, Petitioner argues that he "won [his] PCR [appeal], but the state lost Petitioner['s] transcript." (ECF No. 1 at 4.) Second, Petitioner argues that he "filed a Complaint and a lawsuit in which a Report and Recommendation [issued by this court], stated in part . . . [that] judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages, and the court overlook this and refuse to rule and grant relief." (*Id.* at 12 (referring presumably to Petitioner's pending 42 U.S.C. § 1983 action against Judge Dickson).) Petitioner seeks to vacate his sentence and conviction and be immediately released from incarceration. (*See id.* at 15.)

Petitioner makes additional allegations in his initial hand-written submission. (*See generally id.*) First, Petitioner asserts that he wishes to appeal the court's ruling dated October

---

[3] The Clerk of Court subsequently docketed this case as a civil rights action filed pursuant to 42 U.S.C. § 1983. However, upon review of the handwritten submission, the Magistrate Judge concluded that the action appeared to be one seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Accordingly, by Order dated November 19, 2019, the Magistrate Judge directed the Clerk of Court to update the cause of action and nature of the suit. (*See* ECF No. 5 at 3.) The Magistrate Judge also directed Petitioner to complete and file a petition on the standard § 2254 court form. (*See id.*) The Order specifically stated that "[i]f Petitioner did not intend to file this action as a Petition for Writ of Habeas Corpus pursuant to § 2254, he must advise the [Magistrate Judge] in writing . . . within the time permitted under the Order." (*Id.* at 2–3.) Petitioner filed the instant Petition and did not alert the Magistrate Judge that he intended to file a different type of action. (*See* ECF No. 1–3.) This court concludes, therefore, that Petitioner "intended to bring this action as a habeas action." (ECF No. 12 at 1 n.1.)

15, 2019, denying his petition for a writ of certiorari, (*see id.* at 1) and attaches a copy of an Order by the South Carolina Supreme Court dated October 15, 2019, denying a petition for writ of certiorari (*see id.* at 1-1). Second, Petitioner argues "that methamphetamine is not [a] violent substance[.]" (*Id.* at 1.) Petitioner contends "meth is ice and it[']s a narcotic drug that [has] been changed to nonviolent." (*Id.* at 2.) Accordingly, Petitioner argues that the "legislature has to change the law for [S.C. Code §] 24-13-100 to non-violent, because it[']s like taking a murder offense from under the statu[t]e you can't it will still be violent offense." (*Id.*) In his hand-written statement, Petitioner seeks immediate release from prison because he is "under a[n] unconstitutional statute § 24-13-100."[4] (*Id.*) Petitioner attempts to make additional allegations about methamphetamine and other drug statutes–citing various cases in turn–but these additional allegations are unintelligible. (*See id.* at 3–5.)

On December 12, 2019, the Magistrate Judge issued the Report and Recommendation at issue concluding that "the Petition filed in this case is successive and should[, therefore,] be summarily dismissed [without prejudice and] without requiring the Respondent to file a return." (ECF No. 12 at 2.) On December 20, 2019, Petitioner filed Objections to the Magistrate's Report and Recommendation. (*See generally* ECF No. 14.)

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 habeas petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

---

[4] S.C. Code § 24-13-100 (West. 2020) provides that "for purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony or an offense exempt from classification as enumerated in Section 16-1-10(d), which is punishable by a maximum term of imprisonment for twenty years or more."

4

###     III.     STANDARD OF REVIEW

A.     Report and Recommendation

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight and the responsibility to make a final determination remains with the court. *See id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed.[5] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court reviews those portions which are not specifically objected to only for clear error. *See id.* at 316. The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

###     IV.     ANALYSIS

A.     The Report and Recommendation

In the Report, the Magistrate Judge recommends that the court dismiss without prejudice Petitioner's Petition and without requiring Respondent to file a return. (*See* ECF No. 12 at 7.) In reaching her recommendation, the Magistrate Judge noted that "[t]his is the *second* Petition [for Writ of Habeas Corpus] filed under § 2254 that Petitioner has submitted to this [c]ourt in his efforts to challenge the constitutionality of his state court criminal conviction and sentence." (*Id.* at 5 (emphasis added).) According to the Magistrate Judge, because Petitioner's instant Petition is attacking the same conviction attacked in his first Petition and because the first Petition was

---

[5] An objection is specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 476 U.S. 140, 147 (1985)).

adjudicated on the merits, the instant Petition is "successive" for purposes of 28 U.S.C. § 2244(b). (*See id.* at 6-7 (citing *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006)).) Under § 2244(b)(3)(A), the Magistrate Judge noted, an applicant seeking to file a successive habeas petition must first "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." (*Id.* at 6 (citing *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing § 2244(b)(3)(A))).) Because Petitioner "did not obtain [such] authorization from the [United States] Court of Appeals [for the Fourth Circuit ("Fourth Circuit")] to file the [instant successive] Petition," the Magistrate Judge concluded that this "[c]ourt does not have jurisdiction to consider it." (*Id.* at 7 (citing *United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003)).)

Accordingly, the Magistrate Judge recommended that Petitioner's instant Petition (ECF No. 1) be dismissed without prejudice and without requiring Respondent to file a return.

B.     Petitioner's Objections to the Report and Recommendation

In his Objections, Petitioner asserts that the Magistrate Judge's Report should be rendered "invalid" for several reasons. (*See* ECF No. 14 at 1.)

First, Petitioner argues that because the Magistrate Judge's Report and Recommendation is not physically signed by the Magistrate Judge, the Report and Recommendation is invalid. (*See id.*; *see also id.* at 4–5 (noting that because the Magistrate Judge's signature "appears to be a copyright or machinery signature printout [sic], . . . [Petitioner] must [ ] automatically w[i]n").)

Second, Petitioner argues that his instant Petition is not an improperly submitted Petition because "only the [first is] pending . . . in Bamberg County's Petitioner's PCR." (*Id.* at 2.) Furthermore, Petitioner argues that "[t]he 'gatekeeping' mechanism created by the AEDPA," (ECF No. 12 at 6), "do[es] not apply to [him] because every[ ]time [he] filed a PCR appeal or

6

Habe[as Petition,] the court gave [him] permission to file and sent Petitioner back [to] the lower courts," (ECF No. 14 at 4).

Third, Petitioner argues that the Magistrate Judge failed to resolve or "answer" his 42 U.S.C § 1983 claim against state court judge Edgar Dickson. (ECF No. 14 at 2.)

As a result of the aforementioned Objections, Petitioner asserts that the court should reject the Report and Recommendation and "immediate[ly] release [him] from prison." (*Id.* at 1; *see also id.* at 2, 5.)

C.    The Court's Review

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Although this statute is the appropriate vehicle for a state prisoner, like Petitioner, to challenge his state conviction, relief under the statute is unavailable to Petitioner because his instant Petition is successive. *See Abraham v. Padua*, Civil Action No. 6:11-cv-2067-RMG, 2012 WL 4364643, at * 1 (D.S.C. Sept. 24, 2012) (noting that the district "[c]ourt lacks jurisdiction to hear [Petitioner's] second claim for habeas relief until authorized by the . . . Fourth Circuit"). The court, therefore, first addresses this procedural default and then turns to Petitioner's Objections as they relate to this procedural default.

The AEDPA "limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief." *Id.* (citing 28 U.S.C. § 2244(b)); *see also In re Williams*, 443 F.3d at 235 (citation omitted) ("The [AEDPA] impose[s] strict limits on the consideration of 'second or successive' habeas petitions."). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2254 Cases

7

in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4).").

"There is no question that [Petitioner's] proposed [H]abeas [P]etition is, numerically, his second one." *In re Williams*, 443 F.3d at 235. Petitioner's first Petition seeking relief under 28 U.S.C. § 2254 was submitted to this court on May 31, 2013. *See generally Utsey v. McCall*, 2014 WL 4825625 (D.S.C. Sept. 24, 2014). The instant Petition for relief under 28 U.S.C. § 2254 was submitted to this court on November 12, 2019. (*See* ECF No. 1.) "However, it is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 443 F.3d at 235. To be considered "successive," the subsequent petition must be an attack on the same state conviction challenged in the first petition *and* the first petition must have been adjudicated on the merits. *See id.* at 236; *see also Henderson v. Bazzle*, Civil Action No. 9:08-cv-978-MBS, 2008 WL 1908535, at *3 (D.S.C. April 29, 2009) (noting that for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits).

Petitioner's instant Petition is successive. Petitioner's first § 2254 action filed in this court challenged his state court conviction for which he is currently serving and was decided on the merits. *See generally Utsey*, 2014 WL 4825625 (granting Respondent's motion for summary judgment and denying Petitioner's petition for a Writ of Habeas Corpus). Because Petitioner's first Petition was dismissed on the merits, the instant Petition, attacking the same state court conviction, is successive under 28 U.S.C. § 2244(b). *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) (citations omitted) (noting that a summary judgment dismissal is a final adjudication on the merits under Fourth Circuit case law). Therefore, before this court may

review the merits of Petitioner's second Petition, he must seek authorization to file such a petition from the Fourth Circuit. *See Winestock*, 340 F.3d at 205-06; *Joseph v. McKie*, Civil Action No. 8:14-cv-4100-RMG, 2014 WL 7369571, at *4 (citing *id.*) ("Because it appears that Petitioner did not obtain authorization from the Fourth Circuit [] to file [his successive] [p]etition, th[e] [district] [c]ourt does not have jurisdiction to consider it."). To hold otherwise, would allow Petitioner an impermissible "second bite at the apple with respect to claims that have already been denied on the merits." *In re Williams*, 444 F.3d at 236.

Upon its consideration of the foregoing, the court finds the Magistrate Judge did not commit clear error in finding that Petitioner's procedural error currently bars the district court from considering the merits of Petitioner's successive Petition. Accordingly, this court accepts the Magistrate Judge's Report.

The court now turns to Petitioner's Objections to the Magistrate Judge's Report.

*1. Failing to Physically Sign the Report and Recommendation*

Petitioner argues that the Magistrate Judge's Report and Recommendation should be declared "invalid," (ECF No. 1 at 1), because the Magistrate Judge did not physically sign the Report, but rather used what "appears to be a copyright or machinery signature printout [sic]," (*id.* at 4). The court rejects this argument.

> In this district,
>
> [e]lectronically filed court orders and judgments shall have the same force and effect as if the judge had affixed a signature to a paper copy of the document and the document had been entered on the docket in the traditional manner. *The judge's signature on an electronic order may appear as "s/" followed by the judge's name where the signature would otherwise appear or as a digital signature.*

*See Electronic Case Filing Policies and Procedures*, United States District Court for the District of South Carolina at 5 (last modified Dec. 1, 2016) (emphasis added), http://www.scd.uscourts.g

9

ov/AttorneyResourceManuals/ECF/ECF_Policy_and_Procedures.pdf (last visited Oct. 6, 2020).

Here, the Magistrate Judge properly affixed her digital signature to the Report at issue. The Magistrate Judge's electronic signature on the Report begins with "s/" and is "followed by the judge's name where the signature would otherwise appear." *Id.* at 5 (referencing ECF No. 12 at 7). The Magistrate Judge is not required to use a "digital signature" or physically sign the Report as Petitioner asserts. *See id*.

The court concludes, therefore, that Petitioner is not entitled to habeas relief on this ground.

*2. Successive Petition*

Petitioner challenges the Report's finding that Petitioner's instant Petition is a successive petition that cannot be reviewed by this court without explicit authorization from the Fourth Circuit. (*See* ECF No. 14 at 2 ("[T]his wouldn't be Petitioner's second habeas corpus nor [fourth] PCR, post[-]conviction relief applications, only the [first] because its pending now with instructions in Bamberg County.") (verbatim).) Petitioner also argues that even if his instant Petition constitutes a successive Petition, he is not required to abide by the gatekeeping mechanisms established by the AEDPA. (*See id.* at 4 ("[The gatekeeping mechanisms] created by the AEDPA . . . do not apply to me because every[ ]time I filed a PCR or Habe[as Petition,] the court gave me permission to file and sent [me] back [to] the lower courts.") (verbatim).)

Petitioner's first argument is unavailing. Petitioner argues that his instant Petition is not successive for purposes of 28 U.S.C. § 2244. (*See id.* at 2.). However, his instant Petition challenges the same state court conviction as his previous petition for habeas relief, *compare* ECF No. 1-3 at 1 *with Utsey*, Civil Action No. 8:13-cv-1433-JMC at ECF No. 1, and his first Petition was adjudicated on the merits, *see generally Utsey*, 2014 WL 4825625; *see also Shoup*,

10

872 F.2d at 1181 (concluding that a dismissal on a motion for summary judgment constitutes an adjudication on the merits). Petitioner's instant Petition is, therefore, successive for purposes of 28 U.S.C. § 2244. *See In re Williams*, 444 F.3d at 236. Petitioner must, therefore, acquire authorization from the Fourth Circuit before this court may review the merits of his successive Petition. *See* 28 U.S.C. § 2244(b).

Petitioner's second argument is equally unavailing. Petitioner's argument is difficult to fully articulate, but to the extent that Petitioner is arguing that he is immune from following the AEDPA's provisions governing habeas petitions in federal courts just because previous appeals were allowed to proceed in "lower courts," this argument must be rejected. (ECF No. 14 at 4.) The AEDPA governs the circumstances under which a petitioner may file successive applications for federal habeas relief. *See generally* 28 U.S.C. § 2244(b); *see also Hansen*, 2012 WL 4364643 at *1. Petitioner must abide by these provisions every time he seeks a successive petition for habeas relief. *See* 28 U.S.C. § 2244(b)(3)(A) (emphasis added) (stating that "[b]efore a[*ny*] . . . successive application permitted by this section is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to considering the application").

The court concludes, therefore, that Petitioner is not entitled to habeas relief on this ground.

*3. Failure to Address 28 U.S.C. § 1983 Claim*

Petitioner next argues that the Magistrate Judge failed to resolve or "answer" his 42 U.S.C § 1983 claim against state court judge Edgar Dickson. (ECF No. 14 at 2.) In his Objections, Petitioner asserts that the Magistrate Judge "did not deny the claim nor answer [the claim] that [J]udge Edgar Dickson . . . pre-signed a conditional order of dismissal stemming from

11

a PCR application." (ECF No. 14 at 2.)[6] Because the Magistrate Judge failed to provide a response to this assertion, Petitioner requests "immediate release." (*Id.* at 3.) Petitioner's argument is difficult to comprehend. To the extent Petitioner is arguing that the Magistrate Judge should have considered the *merits* of Petitioner's instant Petition *before* determining whether *jurisdiction* is proper in this venue, the court cannot agree.

"[A] federal court [ ] may not rule on the merits of a case without first determining that it has jurisdiction over" the claims asserted and the parties present in the suit. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93–102 (1998)); *see also Trustgard Ins. Co. v. Collins*, 942 F.3d 195 (4th Cir. 2019) (noting that the court "must generally decide jurisdictional questions first"). Without proper jurisdiction, a federal court "cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94.

As stated above, Petitioner lacks jurisdiction in this court without proper authorization from the Fourth Circuit. *See supra* Part IV.C. Until Petitioner "file[s] in the [Fourth Circuit] a motion for leave to file a . . . successive habeas application in [this] district court," *Felker*, 518 U.S. at 657 (citations omitted), this court is not the proper tribunal to consider Petitioner's habeas claims, *see Winestock*, 340 F.3d at 205-06. *See also Joseph*, 2014 WL 7369571 at *4 (citing *id.*).

The court concludes, therefore, that Petitioner is not entitled to habeas relief on this ground.

## V.     CONCLUSION

For the reasons set forth above, the court hereby **OVERRULES** Petitioner Spencer Utsey's Objections (ECF No. 14), **DISMISSES WITHOUT PREJUDICE** Petitioner Utsey's

---

[6] A copy of the conditional order is attached to Petitioner's Objections. (*See generally* ECF No. 14-1.)

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) without requiring Respondent to file a return. The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and incorporates it herein by reference.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED**.

*J. Michelle Childs*
United States District Judge

October 13, 2020
Columbia, South Carolina